IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MOSLEY | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | No. 23-562 |
| JENSEN BAGNATO, P.C., *et al.* | : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**  **March 27, 2023**

Plaintiff James Mosley brings this pro se action against Defendants Jensen Bagnato, P.C., Christopher Bagnato ("Bagnato"), and Wells Fargo Enterprise Complaints Management Office ("Wells Fargo"). He seeks appointment of counsel and leave to proceed *in forma pauperis*. Because the Court lacks jurisdiction to consider Mosley's claims, it will grant Mosley leave to proceed *in forma pauperis* but dismiss his Complaint, as well as his motions to appoint counsel.

**FACTS**[1]

Mosley was represented by Bagnato at Jensen Bagnato, P.C. in a small claims case against Wells Fargo from July 27, 2020 to August 11, 2020. Two years later, on August 29, 2022, Mosley made an inquiry with Wells Fargo about his credit card account. In response, Wells Fargo sent Bagnato a letter stating that it could not discuss the matter with Mosley because he was "actively being represented by a law firm." Compl. Ex. A, ECF No. 2. Mosley claims this statement was materially false and constituted a breach of Wells Fargo's duty to him as a customer. He further alleges Bagnato's failure to correct Wells Fargo was a tortious misrepresentation or omission. On August 3, 2022, Mosley sued Bagnato for legal malpractice in the Philadelphia Court of Common

---

[1] The following facts are drawn from the Complaint, whose well-pleaded factual allegations the Court must accept as true at the screening stage. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009).

1

Pleas. *See Mosley v. Bagnato*, CP-22-CV-0800472; Compl. Ex. E, ECF No. 2. He now brings this action in federal court against Bagnato, Jensen Bagnato, P.C., and Wells Fargo, seeking injunctive relief and $1,000,000 from each Defendant.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915(a), if a plaintiff appears incapable of paying the fee to commence a civil action, the Court will grant him leave to proceed *in forma pauperis*. Under the statute, however, the Court must dismiss the Complaint if it fails to state a claim. § 1915(e)(2)(B)(ii). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). The Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Conclusory allegations do not suffice. *Id.* As Mosley is proceeding pro se, the Court construes his allegations liberally. *Higgs v. Att'y Gen*., 655 F.3d 333, 339 (3d Cir. 2011). However, "pro se litigants must still allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**DISCUSSION**

While Mosley has demonstrated eligibility for *in forma pauperis* status, *see* Application, ECF No. 1, his Complaint must be dismissed because this Court does not possess subject matter jurisdiction over its claims. Federal courts are courts of limited jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). This Court may only hear cases involving a federal question, 28 U.S.C. § 1331, or between diverse citizens with an amount in controversy of more than $75,000, 28 U.S.C. § 1332. Mosley indicates that his claims involve federal questions, and

that the federal rights at issue are "misrepresentation of material fact" and "ommissions [sic] of material facts." Compl. 2, ECF No. 2. He is incorrect; these are state law tort claims which do not "arise under" federal law and therefore do not provide a basis for federal subject matter jurisdiction. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal, et al.*, 463 U.S. 1, 27-28 (1983). Neither does the Complaint properly allege diversity jurisdiction under 28 U.S.C. § 1332. Both Mosley and Bagnato are citizens of Pennsylvania, violating the statute's complete diversity requirement. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Because this Court does not have subject matter jurisdiction over Mosley's claims, the Complaint must be dismissed. And as the lack of jurisdiction renders his claims unmeritorious, his request for counsel will likewise be denied. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993); *Muchler v. Greenwald*, 624 F. App'x 794, 799 (3d Cir. 2015) (dismissing complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for lack of subject matter jurisdiction and denying motion for appointment of counsel for the same reason).

**CONCLUSION**

For the foregoing reasons, the Court will grant Mosley leave to proceed *in forma pauperis* and dismiss his Complaint and his two motions for appointment of counsel. Although leave to amend shall be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), a court may deny leave when amendment would be futile, such that "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.2d 113, 116 (3d Cir. 2000). There is no set of facts Mosley could add to bring these claims under the jurisdiction of this Court. *See Muchler*, 624 F. App'x at 799. Dismissal will therefore be with prejudice.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.